SUZANNE M. HANKINS (State Bar No. 157837)
smh@severson.com
JARLATH M. CURRAN, II (State Bar No. 239352)
jmc@severson.com
SEVERSON & WERSON, A Professional Corporation
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A. (erroneously sued as America's Servicing Co.) and U.S. BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1 (erroneously sued as US Bancorp (US Bank) as Trustee).

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| ELLIOTT RODRIGUEZ, PRO SE, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK; AMERICA'S SERVICING COMPANY; US BANCORP (US BANK) AS TRUSTEE, <br><br> Defendants. | Case No. 5:13-CV-01083 JFW (DTBx) <br> Hon. John F. Walter <br> Ctrm. 16 – Spring Street <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **[Filed Concurrently With Request For Judicial Notice]** <br><br> Date: September 16, 2013 <br> Time: 1:30 P.M. <br> Crtrm.: 10C <br><br> Action Filed: May 28, 2013 |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 16, 2013 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 16, of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California, Defendants WELLS FARGO BANK, N.A. (erroneously sued as America's Servicing Co.) and U.S. BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1 (erroneously sued as US Bancorp (US Bank) as Trustee) will move and hereby do move the Court for an order dismissing all of the claims asserted in this action on the basis that each fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice, and such other and further evidence as may be presented to the Court at or before the time set for the hearing on this matter.

DATED: August 6, 2013

SEVERSON & WERSON
A Professional Corporation

By: /s/ Jarlath M. Curran
    JARLATH M. CURRAN
    Attorneys for Defendants
    WELLS FARGO BANK, N.A.
    (erroneously sued as America's Servicing
    Co.) and U.S. BANK NATIONAL
    ASSOCIATION, as Trustee for Credit
    Suisse First Boston CSFB ARMT 2006-1
    (erroneously sued as US Bancorp (US
    Bank) as Trustee)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's complaint seeks to challenge Defendants' right to non-judicially foreclose on the subject property based on the allegations that (1) Defendants purchase of the loan violated the operative pooling and servicing agreement; and (2) the subject loan was sold into a securitized pool. Both theories have been rejected by the Court and, as such, fail to support a cause of action.

Furthermore, Plaintiff's asserted causes of action for trespass and quiet title fail to state a claim because Plaintiff does not allege that either defendants actually entered the property and does not tender the amounts he admittedly borrowed.

For these reasons, Defendants request that the Court grant their motion to dismiss with prejudice.

## II. STATEMENT OF FACTS

In September 2005, Plaintiff obtained a $245,000 mortgage loan from Provident Savings, Bank, F.S.B. (the "Loan"). (Deed of Trust, Request for Judicial Notice ("RJN"), Ex. A.) Plaintiff's payment obligations under the Loan are secured by a deed of trust recorded against the real property located at 4216 Wheeler Street, Riverside, California 92503 (the "Property"). (Id.)

The beneficial interest in the Loan was subsequently assigned to U.S. Bank National Association, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1 ("U.S. Bank"). (Assignment of Deed of Trust, RJN, Ex. B.) Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo") currently services the loan on U.S. Bank's behalf. (Compl., Ex. ¶5, Ex. A.)

Due to Plaintiff's default, foreclosure proceedings were initiated against the Property. A notice of default and notice of trustee's sale were recorded against the Property on April 20, 2009, and July 23, 2009, respectively. (Notice of Default, RJN, Ex. C; Notice of Trustee's Sale, RJN, Ex. D.) A rescission of the April 20, 2009 Notice of Default was recorded on January 8, 2010. (Rescission of Notice of

1  Default, RJN, Ex. E.) The public record does not reflect any subsequent foreclosure
2  notices.

3  **III. PLAINTIFF HAS NO BASIS TO CHALLENGE DEFENDANTS'**
4  **RIGHT TO PURSUE NON-JUDICIAL FORECLOSURE**

5  Both cause of action asserted by Plaintiff challenge Defendants' authority to
6  pursue non-judicial foreclosure sale based on theories that the sale of the Loan
7  violated the operative pooling and servicing agreement ("PSA") and the Loan was
8  placed into a securitized loan pool. (Compl., ¶¶5-15.) As set forth below, these
9  theories have already been rejected by the Court.

10  **A.  Securitization Does Not Deprive Defendants of the Right To**
11  **Foreclose**

12  Plaintiff claims the securitization process somehow invalidates the
13  foreclosure proceedings. (*See, e.g.*, Compl., ¶15.) Plaintiff appears to be arguing
14  that, because the promissory note was allegedly not properly transferred to the
15  securitized trust, he does not have to pay that money back to anyone. This is
16  incorrect. "The argument that parties lose their interest in a loan when it is assigned
17  to a trust pool [has] been rejected by many district courts." *Vitek Real Estate, supra*,
18  713 F. Supp.2d at p. 1099; citing *Benham v. Aurora Loan Servs.* (N.D. Cal. 2009)
19  2009 WL 2880232, *3.) There is no legal basis for Plaintiff's claim that
20  securitization somehow destroys the ability to foreclose.

21  Further, in this case, Plaintiff actually authorized the securitization of the
22  loan. The deed of trust, signed by Plaintiff, provides: "20. Sale of Note; Change of
23  Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note
24  (together with this Security Instrument) can be sold one or more times without prior
25  notice to Borrower." (Deed of Trust, RJN, Ex. A, § 20.) Because Plaintiff
26  authorized the sale of the loan, he cannot now sue to block U.S. Bank from
27  exercising its contractual rights.

28

### B. Plaintiff Cannot Challenge Implementation Of The Pooling And Servicing Agreement

Plaintiff also claims that Defendant did not comply with the PSA, and Defendants thereby lost the ability to foreclose. (Compl., ¶5-10.) While Defendants deny any allegation that it did not abide by the PSA, the claim is irrelevant.

The court in *Baum v. America's Servicing Co.* addressed an identical argument and found that the plaintiff had no standing to challenge securitization. *Baum v. America's Servicing Co.*, 2012 WL 1154479 (S.D. Cal. 2012). In *Baum*, the underlying note was transferred to a trust governed by a PSA. *Id.* at *3. The plaintiff challenged the right to bring a nonjudicial foreclosure action based on purported violations of the PSA. *Id.* at *4. The *Baum* court held: "Plaintiff alleges that Defendants have no claim against the property because the [deed of trust] was not assigned, transferred, or delivered through the [PSA] in a manner pursuant to Delaware law. In their motion to dismiss, Defendants argue that Plaintiff does not have standing to challenge the assignments or the PSA because he is not a party to, or intended beneficiary of, these agreements. The Court agrees." *Ibid.*

Plaintiff is not a third-party beneficiary of the PSA and thus he cannot claim any rights or raise any defense based on alleged non-compliance with its terms.[1] Plaintiff cites no law allowing him to bring a claim related to Defendant's alleged involvement in a PSA, nor does he advance any legal authority to support the conclusion that he can block the foreclosure. The claim fails..

---

[1] See also *Lindsay v. America's Wholesale Lender*, 2012 WL 83475, at *3 (C.D. Cal. 2012); *In re Wright*, 2012 WL 27500, at *3 (Bankr. D. Hawaii 2012); *In re Correia*, 452 B.R. 319, 324 (1st Cir. BAP 2011); *Long v. One West Bank*, 2011 WL 3796887, at *4 (N.D. Ill. 2011); *Livonia Prop. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC* (E.D. Mich. 2010) 717 F.Supp.2d 724, 748, aff'd (6th Cir. 2010) 399 Fed. Appx. 97.

### C. Pursuant to *Gomes*, Plaintiff Have No Basis to Challenge The Foreclosure

California Civil Code Sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985). "The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 830. "Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1098 (E.D. Cal. 2010); *see also Moeller*, 25 Cal.App.4th at 834.

Notwithstanding this exhaustive statutory framework, Plaintiffs initiated this litigation to challenge the foreclosure proceedings on the grounds that Defendant lacks authority to foreclose. The Court in *Gomes v. Countrywide* was presented with the identical argument,[2] which it summarily rejected:

> By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Gomes is attempting to interject the courts into this comprehensive non-judicial scheme. As Defendants correctly point out, Gomes has identified no legal authority for such a lawsuit. Nothing in

---

[2] Specifically, Gomes alleged that he didn't know the identity of the note's beneficial owner because he believed that his originating lender sold it on the secondary mortgage market. On information and belief, Gomes then alleged that the person or entity that initiated the foreclosure process was not the note's rightful owner, nor acting with the rightful owner's authority. *See Gomes*, 192 Cal. App. 4th at 1152.

> the statutory provisions establishing the non-judicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1154 (2011).

The Court concluded, "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized and we see no ground for implying such an action." *Id.* at 1155 (*citing Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.4th 592, 596 (2010)). The Court found that if borrowers could bring such challenges, the legislature's decision to establish the remedy of non-judicial foreclosure for creditors would be thwarted, since every non-judicial foreclosure could be turned into a judicial proceeding by borrowers filing lawsuits "solely for the purposes of delaying valid foreclosures." *Gomes*, 192 Cal.App.4th at 1155.

The federal courts are in accord with *Gomes*. In *Nool v. Homeq Servicing*, 653 F.Supp.2d 1047 (E.D. Cal. 2009), the plaintiffs alleged: "none of the defendants have legal authority to enforce or collect on the Loan, as Lender is not the note holder of said debt and can therefore not authorize Trustee or anyone else to enforce or collect thereon." *Id.* at 1053. The federal district court rejected this argument as "a blatant misrepresentation of the law." *Id.* The court held, just as *Gomes* did later, that California's comprehensive non-judicial foreclosure statutes prevent a borrower from adding foreclosure requirements that are not set forth in the statutes. *Id.* This is because California's "Civil Code provisions 'cover every aspect' of the foreclosure process, and are 'intended to be exhaustive.'" *Id.* (*citing I.E. Assoc. v. Safeco Title Ins.*, 39 Cal.3d 281, 285 (1985)).

The instant case is no different than *Gomes* -- Plaintiffs provide no substantive basis for their claims that Defendant was not authorized to execute the

foreclosure notices, assignment of deed of trust or substitution of trustee. (See Compl.)

Plaintiffs have no factual basis for any of their claims and allowing this matter to proceed "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Gomes*, 192 Cal.App.4th at 1154. Plaintiffs are barred, by law, from using a judicial action to determine whether the Defendant was authorized to complete the foreclosure and their entire Complaint should be dismissed.

### D.   Plaintiff Fails To Allege Tender

Plaintiff's complaint also fails because Plaintiff fails to allege that he completed, or even attempted to complete, tender of the amount needed to reinstate the Loan. Under California law, the tender rule applies even where the challenged foreclosure has not yet occurred. Courts have consistently rejected attempts to enjoin pending foreclosure sales where borrowers refuse to comply with the tender rule. *See Bouyer v. IndyMac Federal Bank*, 2009 WL 1765668, *2 (N.D. Cal. 2009) (denying request for injunctive relief to stop pending foreclosure where "Plaintiffs have neither pled nor offered anything to suggest a tender to pay their debt"); *Chavez v. Recontrust Co.*, 2008 WL 5210893, *6 (E.D. Cal. 2008) (denying request to enjoin foreclosure sale because the "law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge the foreclosure sale"). Before a foreclosure sale occurs, the tender required is reinstatement including the amount in default plus the trustee's costs and expenses no later than 5 business days prior to the sale. *See* Civ. Code § 2924c(e); *Hicks v. E.T. Legg & Assocs.*, 89 Cal.App.4th 496, 504 (2001).

Here, Plaintiff's entire complaint is premised on the flawed claim that the foreclosure was wrongful because Defendant lacks authority to foreclose on the Property. However, at no time does Plaintiff offer to tender the default amount

owed on the Loan. Therefore, Plaintiff has no standing to challenge a pending foreclosure sale.

## IV. PLAINTIFF DOES NOT SUPPORT THE SPECIFIED CAUSES OF ACTION

Although based primarily on the rejected theories addressed above, Plaintiff's two causes of action for trespass and quiet title fail for the additional reasons identified below.

### A. Plaintiff Does Not Allege Entry Into the Property

The most glaring defect in Plaintiff's "trespass" cause of action is the absence of any allegation that Defendants entered the Property. Therefore, Plaintiff does not stated a cause of action for trespass.

Furthermore, even if Plaintiff made such a claim, the "trespass" cause of action still fails. Specifically, peaceable entry onto land by consent is not trespass. (*U.S. v. Imperial Irrigation District*, 799 F. Supp. 1052, 1059, 1069 (S.D.Cal. 1992).) Here, Plaintiff gave Defendants, as successors to the Loan's originator, consent to enter the Property. (Deed of Trust, RJN, Ex. A, ¶7.) Therefore, Plaintiff's first cause of action should be dismissed.

### B. Plaintiff Cannot Quiet Title Absent Tender

"[I]t is settled in California that a mortgagor cannot quiet title against the mortgagee without paying the debt secured." (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649; *see also Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707 ("a mortgagor of real property cannot, without paying his debt, quiet title against the mortgagee") (citations omitted); *Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477-78 ("[t]he cloud upon [Plaintiff's] title persists until the debt is paid" (citing *Burns v. Hiatt* (1906) 149 Cal. 617); *Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D. Cal. 2010) 732 F. Supp. 2d 952, 975 ("it is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property") (citations omitted).)

Similar to Plaintiff's challenge of Defendants' right to foreclose, tender of the full amount borrowed must be made in a quiet title action regardless of whether the sale has taken place, and regardless of whether any defects exist in the foreclosure process. If Plaintiff wishes to extinguish the subject lien on their property, he must repay what he admittedly borrowed. Plaintiff fails to do so and, as a result, his quiet title claim must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion to dismiss and dismiss Plaintiff's complaint in its entirety with prejudice.

DATED: August 6, 2013

SEVERSON & WERSON
A Professional Corporation

By: /s/ Jarlath M. Curran
JARLATH M. CURRAN
Attorneys for Defendants
WELLS FARGO BANK, N.A.
(erroneously sued as America's Servicing Co.) and U.S. BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1 (erroneously sued as US Bancorp (US Bank) as Trustee)

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On August 12, 2013, I served true copies of the following document(s): **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Elliott Rodriguez                    Plaintiff in pro per
4216 Wheeler
Riverside CA 92503

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 12, 2013, at Irvine, California.

By: _____
LINDA D. OWEN